IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT M. CASILLAS, SID # 764027, | § § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | CIVIL NO. SA-19-CA-348-FB |
| SHERIFF JAVIER SALAZAR, ET AL., | § § § | |
| *Defendants.* | § | |

## SHOW CAUSE ORDER

Before the Court is the Civil Rights Complaint [#1] filed by the plaintiff, Robert M. Casillas ("Plaintiff"), pursuant to 42 U.S.C. § 1983. Plaintiff is ordered to file an amended complaint clarifying his allegations and, to the extent possible, curing the Complaint's legal deficiencies, which are described below.

### I.  Legal Standard

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that the action is (i) frivolous or malicious or (ii) fails to state a claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the facts alleged

1

are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under § 1915A(b)(1) and § 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

## II.   Deficiencies in Plaintiff's Complaint

In his § 1983 Complaint, Plaintiff alleges he is held in BCADC "against [his] free will . . . without being duly convicted of a crime," subject to excessive bond, and without due process, resulting in "slave[ry]" and "involuntary servitude" in violation of his Fifth, Sixth, Thirteenth, and Fourteenth Amendment rights. Plaintiff purports to sue Sheriff Javier Salazar, BCADC, and the State of Texas seeking damages and his immediate release. Plaintiff attaches to his Complaint a list of thirty detainees who he alleges wish to join in this lawsuit.

The public record shows Plaintiff is in the custody of the BCADC, and was indicted August 10, 2017 for possession with intent to deliver controlled substances in Case Nos. 2017CR8849 and 2017CR8850 in the Texas 399th Judicial District Court. In that case, Plaintiff is represented by Karl Anthony Basile.

As is explained above, an IFP plaintiff's complaint is considered frivolous and is subject to dismissal if it fails to state a claim on which relief can be granted. In this case, Plaintiff's claims currently have the following deficiencies:

a. **Plaintiff's claims regarding involuntary servitude are vague and conclusory.**

Plaintiff's allegations fail to allege any facts (who, what, where, when) that would support his claim he is being unlawfully held or prosecuted, or subject to "slavery" or "involuntary servitude," or subject to excessive bond. A recitation of legal conclusions is not sufficient to state a claim. *See Twombly*, 550 U.S. at 555.

b. **Plaintiff fails to allege facts that would support a claim for illegal arrest or false imprisonment.**

"[G]enerally 'a grand jury indictment . . . itself establishes probable cause'" for arrest and prosecution. *Basarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 442 (5th Cir. 2015). The public record shows Plaintiff was indicted in Case Nos. 2017CR8849 and 2017CR8850, and his indictment establishes there was probable cause for his arrest and prosecution, and thus there is no basis for a wrongful prosecution claim. *See Smith v. Gonzalez*, 670 F.2d 522, 525-27 (5th Cir.) (plaintiff's indictment was inconsistent with and precluded plaintiff's false arrest claim warranting dismissal), *cert denied*, 459 U.S. 1005 (1982); *see also Rodriguez v. Ritchey*, 556 F.2d 1185, 1190-91 (5th Cir. 1982); *Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004).

c. **Plaintiff failed to allege facts that would support a claim against Sheriff Salazar.**

Sheriff Salazar is responsible for Plaintiff's custody but is not responsible for Plaintiff's prosecution. The record shows Sheriff Salazar has lawful custody of Plaintiff pursuant to Plaintiff's indictment.

**d. BCADC is not a proper party in this action and Plaintiff failed to allege a basis for a claim against Bexar County.**

BCADC is a building and is not a separate jural entity subject to suit in a § 1983 action. *See Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991). Therefore, it is not a proper party to this suit. Liberally construing Plaintiff's claim against BCADC as a claim against Bexar County, Plaintiff so far has failed to allege facts that would support such a claim. To establish liability on the part of a county or municipality, a plaintiff must demonstrate a policy or custom which caused the alleged constitutional deprivation. *See Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 690-91 (1978). Plaintiff's complaint fails to allege the requisite policy or custom as a basis for liability against Bexar County.

**e. Plaintiff's suit against the State of Texas is barred by sovereign immunity.**

The states enjoy sovereign immunity from suit pursuant to the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 & n.10 (1989). Therefore, Plaintiff's claim against the State of Texas is barred by the Eleventh Amendment.

**f. Plaintiff's request for release is not relief available in a civil rights action.**

In *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973), the Supreme Court held that where an inmate seeks release from confinement, the inmate's sole remedy is through a writ of habeas corpus, and such relief is not available in a § 1983 action.

**g. Plaintiff cannot represent other detainees in this lawsuit.**

Plaintiff is not a lawyer and therefore is not licensed to represent other detainees. Furthermore, the other detainees have not alleged any facts that would support claims and have not submitted IFP applications. If the detainees wish to file civil rights claims concerning the conditions of their custody, they may do so by filing individual complaints (presenting material facts) and accompanied by IFP applications.

### III. Right to Amend

Before dismissal of the Complaint, Plaintiff is entitled to amend to attempt to cure any deficiencies. *See Neitzke*, 490 U.S. at 329. Therefore,

**IT IS ORDERED that within twenty-one days of the date of this Order**, Plaintiff must show cause why his Complaint should not be dismissed pursuant to §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1), for failure to state a non-frivolous claim, by **filing an amended complaint** (of no more than twenty (20) pages) that cures these deficiencies. Plaintiff should present his amended claims by using the § 1983 complaint form, as he did before. **The Clerk of Court is directed to provide Plaintiff with another copy of the Section 1983 form.**

If Plaintiff fails to comply with this Order, his Complaint can also be dismissed for failure to prosecute and failure to comply with this Order. *See* Fed. R. Civ. P. 41(b).

SIGNED this 14th day of May, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE