IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT M. CASILLAS, # 764027, | § | |
| *Plaintiff* | § | |
| vs. | § | CIVIL ACTION |
| | § | NO. SA-19-CA-348-FB |
| SHERIFF JAVIER SALAZAR, ET AL., | § | |
| *Defendants* | § | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiff Robert M. Casillas' Motion for Appointment of Counsel [# 5]. Plaintiff sues Defendants for violating his civil rights under 42 U.S.C. § 1983 alleging he was wrongfully prosecuted and wrongfully confined in the Bexar County Adult Detention Center (BCADC). The public record shows Plaintiff was charged by indictment for possession with intent to deliver a controlled substance in Case No. 2019-CR-1399 and was in BCADC custody awaiting trial. Plaintiff has since been convicted. This Court has the discretion to appoint counsel for indigent plaintiffs in a Section 1983 civil rights case if doing so would advance the proper administration of justice. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). However, the appointment of counsel in a civil case is a privilege, not a constitutional right. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).

The Court is only required to appoint counsel, such that the denial of counsel constitutes an abuse of discretion, where the case presents exceptional circumstances. *Ulmer*, 691 F.2d at 212. In evaluating whether a case involves "exceptional circumstances," a court should consider the following factors: (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to investigate

adequately the case; (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination; and (5) whether the appointment of counsel would be a service to the plaintiff and, perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination. *Id.* at 213 (citations omitted).

The Court has reviewed Plaintiff's Complaint and finds this case does not present exceptional circumstances that would require the appointment of counsel, and the Court declines to exercise its discretion and otherwise appoint counsel. Although Plaintiff lacks the financial resources to retain private counsel, Plaintiff's pleadings indicate that his case is not particularly complex, and he has the ability to articulate the basis of and present the facts pertinent to his claims. Accordingly, the Court will deny Plaintiff's request for counsel.

In accordance with the foregoing:

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel [#5] is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 16th day of May, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE